IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

ANNE HUDSON )
)
v. ) NO. 3:08-0669
) JUDGE CAMPBELL
AJS ASSOCIATES )

MEMORANDUM

Pending before the Court is Defendant's Motion for Judgment on the Pleadings (Docket No. 21). As explained below, the Court has treated Defendant's Motion as a Motion to Dismiss for Lack of Subject Matter Jurisdiction. For the reasons stated herein, Defendant's Motion is GRANTED, and this action is DISMISSED without prejudice.

FACTS

Plaintiff Hudson, individually and as daughter and next kin of Mary Magdalene Hindman, deceased, filed this action for the alleged wrongful death of Hindman. Defendant AJS Associates is an Indiana corporation doing business in Tennessee as Kentucky Fried Chicken. Plaintiff asserts that this Court has jurisdiction pursuant to 28 U.S.C. § 1332 (diversity of citizenship) and "because of a federal question." Amended Complaint for Wrongful Death (Docket No. 7).

Plaintiff alleges that Hindman was a customer in Defendant's restaurant located on 21st Avenue South in Nashville, Tennessee, on the evening of July 11, 2007. Plaintiff avers that Hindman was injured when the door of the women's bathroom in Defendant's restaurant "slammed abruptly on her, knocking her down forward." Plaintiff asserts that the impact of this fall resulted in Hindman breaking her hip.

Plaintiff contends that Hindman was transported from Defendant's restaurant to Baptist Hospital Emergency Department and later released to Green Hills Health and Rehabilitation.

Plaintiff alleges that Hindman underwent corrective hip surgery on August 3, 2007, and was released for recovery to Vanderbilt Stallworth Rehabilitation Hospital and later to Green Hills Health and Rehabilitation. Plaintiff avers that on December 12, 2007, Hindman died of complications from her hip fracture.

Plaintiff has sued Defendant herein under the state law theories of negligence, negligence *per se,* and *res ipsa loquitur,* contending that Defendant's conduct or lack thereof was the legal cause of Hindman's injuries, damages and untimely death. Docket No. 7. Plaintiff has also sued Green Hills Health and Rehabilitation, its Administrator, and five associated corporations in the Circuit Court for Davidson County, Tennessee, alleging that the negligence and gross negligence of those defendants legally caused the injuries, damages and untimely death of Hindman. Docket No. 22-1.

Defendant AJS Associates argues that this Court lacks subject matter jurisdiction over this action because (1) there is no federal question presented, and (2) Plaintiff has failed to join necessary and indispensable party plaintiffs and defendants, whose presence in this lawsuit would destroy diversity jurisdiction.

NATURE OF THE MOTION

The standard of review applicable to a Motion for Judgment on the Pleadings requires the Court to construe the Complaint in the light most favorable to the Plaintiff, accept all of the Complaint's factual allegations as true, and determine whether the Plaintiff undoubtedly can prove no set of facts in support of the claims that would entitle her to relief. Rawe v. Liberty Mut. Fire Ins. Co., 462 F.3d 521, 526 (6th Cir. 2006).

When subject matter jurisdiction is challenged, the Plaintiff has the burden of proving jurisdiction, and the Court is empowered to resolve factual disputes when necessary to resolve any challenges to subject matter jurisdiction. *Madison-Hughes v. Shalala*, 80 F.3d 1121, 1130 (6th Cir. 1996). Motions pursuant to Fed. R. Civ. P. 12(b)(1) which challenge the Court's subject matter jurisdiction come in two forms: (1) a facial attack which merely tests the sufficiency of the pleading and (2) a factual attack which argues the existence or non-existence of certain facts which deprive the Court of jurisdiction. *Smith v. Northwest Airlines, Inc.*, 141 F.Supp. 2d 936, 939 (W.D. Tenn. 2001); *Rogers v. Hamilton County EMS*, 2008 WL 5071883 at * 2 (E.D. Tenn. Nov. 24, 2008).

When reviewing a facial attack, the Court must take all the allegations in the Complaint as true, as with Rule 12(b)(6) motions to dismiss and motions for judgment on the pleadings. *See Gentek Building Products, Inc. v. Steel Peel Litigation Trust*, 491 F.3d 320, 330 (6th Cir. 2007). Where, on the other hand, there is a factual attack on subject matter jurisdiction, no presumptive truthfulness applies to the Complaint. *Id*. When a factual attack is raised, the Court must weigh the conflicting evidence to arrive at the factual predicate that subject matter jurisdiction does or does not exist. *Id*. With a factual attack, the Court may proceed to weigh the evidence and satisfy itself as to its power to hear the case. *Rogers* at * 2 (citing *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996)).

Even though it appears that no facts are actually disputed with regard to this Motion, Defendant's Motion is more than simply a facial attack. In other words, Defendant does more than simply attack the sufficiency of the pleadings; it raises matters outside the pleadings, such as the pending state court action. Defendant attacks both the sufficiency of the Complaint and the factual basis for subject matter jurisdiction in this Court and argues that the case should be dismissed

3

because Plaintiff has presented no federal question and failed to join necessary and indispensable parties whose presence would destroy diversity jurisdiction.

Because Defendant raises both a facial and a factual attack and because the Court is considering matters outside the pleadings, specifically the related state court complaint, the Court will treat Defendant's Motion as a Motion to Dismiss for Lack of Jurisdiction under the standards set forth above.

FEDERAL QUESTION

Plaintiff's Amended Complaint asserts two bases for jurisdiction in this Court, diversity of citizenship and federal question. The alleged federal question is whether Defendant was negligent *per se* by its alleged violations of the Americans with Disabilities Act ("ADA"). Docket No. 7, ¶ 25.

In order to assert that Defendant violated the ADA, however, Plaintiff must first meet the threshold burden of showing that Hindman was a "disabled" individual within the meaning of the ADA. *Thompson v. Williamson County, Tennessee*, 965 F.Supp. 1026, 1036 (M.D. Tenn. 1997).[1] Plaintiff here does not even allege that Hindman was "disabled" within the meaning of the ADA. There is no allegation before the Court that Hindman met the specific definition of "qualified individual with a disability" under the ADA.

Alternatively, even if Plaintiff had made such a showing, the negligence *per se* claim does not become a federal claim simply because the ADA created the duty or standard of care upon which this state law claim is based. The fact that a federal issue is an element of a state law claim does not

---

[1] Under Tennessee law, the violation of a statute or regulation is negligence *per se* as to members of the class that the statute or regulation is intended to protect. *Satterfield v. Tennessee*, 295 F.3d 611, 619 (6th Cir. 2002).

4

automatically confer federal-question jurisdiction. *McWeeney v. Missouri Historical Society*, 2007 WL 3311429 at * 1 (E.D. Mo. Nov. 5, 2007) (citing *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 813 (1986)); *Wander v. Kaus*, 304 F.3d 856, 859 (9th Cir. 2002).

Even if Plaintiff had shown that Hindman was a "qualified individual with a disability," as that term is specifically defined in the ADA, Plaintiff's alleged state law cause of action for negligence *per se* does not arise under federal law. For these reasons, the Court finds there is no federal question presented in this case.[2]

DIVERSITY: NECESSARY AND INDISPENSABLE PARTIES

Plaintiff also alleges that this Court's jurisdiction is based upon diversity of citizenship, Hindman[3] having been a citizen of Tennessee and Defendant being an Indiana corporation.

Plaintiffs

Defendant's first contention is that Plaintiff's action should be dismissed because she has failed to join necessary and indispensable Plaintiffs herein, those being any other living heirs of Hindman.

---

[2] Plaintiff's citation to *Smith v. Wal-Mart Stores, Inc.*, 167 F.3d 286 (6th Cir. 1999) does not persuade the Court otherwise. In *Smith*, the claim was construed under Georgia law, not Tennessee law, and the Court specifically stated that the Plaintiff was disabled. *Id*. at 289.

[3] Federal law provides that the legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent. 28 U.S.C. § 1332(c)(2); *Yeubanks v. Methodist Healthcare Memphis Hospitals*, 227 F.Supp.2d 934, 938 (W.D. Tenn. 2002) (same under Tennessee law).

5

Rule 17 of the Federal Rules of Civil Procedure[4] provides that an action must be prosecuted in the name of the real party in interest. Fed. R. Civ. P. 19 sets forth the framework for determining whether a party is necessary or indispensable. First, the Court is to determine whether the party is one who should be joined if feasible under Rule 19(a); that is, whether the party is "necessary."

> A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party in the action if (A) in that person's absence, the court cannot accord complete relief among existing parties; or (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a).

If the Court finds that either of these two provisions applies, the person is one who should be joined if feasible. The Rule provides that the Court *shall* join this person as a party if he is subject to service of process and his joinder will not deprive the court of subject-matter jurisdiction. If, on the other hand, joinder of the person would deprive the court of subject-matter jurisdiction, then the Court must determine whether that party is indispensable; that is, whether, "in equity and good conscience," the action should proceed among the parties before it or should be dismissed. Fed. R. Civ. P. 19(b).

The factors to be considered by the Court in making this determination are:

> (1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties; (2) the extent to which any prejudice could be lessened or avoided . . . ; (3) whether a judgment rendered in the person's absence

---

[4] The Federal Rules of Civil Procedure are the rules of practice which apply to civil actions in the federal courts, regardless of whether jurisdiction is based on federal question or diversity of citizenship. *Hayes v. Equitable Energy Resources Co.*, 266 F.3d 560, 566 (6th Cir. 2001).

6

> would be adequate; and (4) whether the plaintiff would have an adequate remedy if the action were dismissed for non-joinder.

Fed. R. Civ. P. 19(b).

A federal court sitting in diversity applies the substantive law of the state in which it sits. *Hayes v. Equitable Energy Resources Co.*, 266 F.3d 560, 566 (6th Cir. 2001). With regard to whether any additional Plaintiffs must be joined herein, the Court notes that Tennessee law creates one, and only one, right of action for wrongful death in survivors of the deceased, no matter how many persons may be entitled to share therein. *Jamison v. Memphis Transit Mgmt. Co.*, 381 F.2d 670, 673 (6th Cir. 1967). The Tennessee Supreme Court has repeatedly stated that the wrongful death statute creates only one cause of action. *Yeubanks v. Methodist Healthcare Memphis Hospitals*, 227 F.Supp.2d 934, 937 (W.D. Tenn. 2002). Pursuant to Tennessee law, a beneficiary who brings an action for wrongful death is in reality pursuing the decedent's cause of action. *Id.* at 938. Thus, at least one court has found that surviving children possess jointly any right of action for wrongful death, and any surviving children not represented are indispensable parties, whose joinder is required under Fed. R. Civ. P. 19. *Williams v. Baxter*, 536 F.Supp. 13, 17 (E.D. Tenn. 1981).

Because there can be only one action for wrongful death under Tennessee law, all heirs of Hindman are jointly affected by the torts alleged in this action and all heirs of Hindman jointly possess any right of action based thereupon. Therefore, the Court finds that, to the extent there are additional surviving heirs of Hindman, those persons are necessary parties herein. The Court cannot determine whether joinder of any such parties is feasible until such parties are identified.

<u>Defendants</u>

7

Defendant also contends that Plaintiff has failed to join necessary and indispensable parties as Defendants in this case, specifically those defendants whom Plaintiff has sued in state court, parties which Plaintiff claims legally caused Hindman's injuries, damages and untimely death. Plaintiff alleges herein that the negligence and gross negligence of Defendant AJS Associates legally caused the death of her mother. In the related state court action, Plaintiff alleges that the negligence and gross negligence of those defendants legally caused the death of her mother.

The Supreme Court of Tennessee has held that where separate, independent negligent acts of more than one tortfeasor combine to cause a single, indivisible injury, all tortfeasors must be joined in the same action unless joinder is specifically prohibited by law. *Samuelson v. McMurtry*, 962 S.W.2d 473, 476 (Tenn. 1998). Each tortfeasor will be liable only for that proportion of the damages attributable to its fault. *Id*. at 475. When liability is based on negligence, each of the defendants is severally liable only for the percentage of damages caused by its negligence. *Id*. (citing *Owen v. Truckstops of America*, 915 S.W.2d 420, 430 (Tenn. 1996)).

In adopting the law of comparative fault for the State of Tennessee, the Tennessee Supreme Court stated that "fairness and efficiency require that defendants called upon to answer allegations in negligence be permitted to allege, as an affirmative defense, that a nonparty caused or contributed to the injury or damage for which recovery is sought." *McIntyre v. Balentine*, 833 S.W.2d 52, 58 (Tenn. 1992). Because Plaintiff alleges that nonparties to this action caused the injury for which recovery herein is sought, it is reasonable to assume that Defendant will likewise make such an affirmative defense. Similarly, because Plaintiff alleges that Defendant herein caused the injury for which recovery in the state action is sought, it is reasonable to assume that the defendants in that action will raise such an affirmative defense as well.

8

As the Tennessee Supreme Court has stated, in matters involving allegations of separate, independent negligent acts of more than one tortfeasor which allegedly combined to cause a single, indivisible injury, one trial is necessary to facilitate the participation of all potentially responsible persons so there can be a fuller and fairer presentation of the relevant evidence and to enable the jury to make a more informed and complete determination of liability. *Samuelson*, 962 S.W.2d at 476. One trial will assure an ultimate determination that is comprehensive, just and conclusive as to all persons implicated in the controversy. *Id*. One jury can determine the legal cause of Hindman's death and, if appropriate, apportion fault among any parties for whom liability is found.

Under the factors of Fed. R. Civ. P. 19(a), particularly because of the comparative fault defense and the requirement that any jury hearing this case assign fault to all alleged tortfeasors, the Court finds that the defendants named in Plaintiff's related state court action are necessary to this action. Allowing these two cases to proceed to trial separately would leave the parties subject to a substantial risk of inconsistent judgments, possible double, multiple or inconsistent obligations, and would likely impair the defendants' abilities to protect their interests.

It appears that all of the defendants in the state action are subject to service of process in this Court. Joinder of those defendants, however, would deprive this Court of subject matter jurisdiction, because one of those defendants, Paula London, is a Tennessee resident. Thus, the Court must move to Fed. R. Civ. P. 19(b) to determine whether these parties are indispensable; in other words, whether, in equity and good conscience, the action should proceed among the parties before it or should be dismissed. Under these standards, the Court finds that the state court defendants are indispensable parties herein.

Given the governing Tennessee law concerning comparative fault, the goals of efficiency and fairness are served by joining as defendants all persons against whom the Plaintiff can assert this negligence cause of action. *Conley v. LifeCare Centers of America, Inc.*, 236 S.W.3d 713, 738 (Tenn. Ct. App. 2007). The Court finds, "in equity and good conscience," that the prejudice to the existing parties and to the defendants in the state court action is best lessened or avoided by dismissing this action without prejudice. Plaintiff has an adequate remedy in joining Defendant AJS Associates in the state court action, where complete relief may be afforded.

## CONCLUSION

For all these reasons, Defendant's Motion for Judgment on the Pleadings (Docket No. 21), which the Court treats as a Motion to Dismiss, is GRANTED, and this action is DISMISSED without prejudice.

IT IS SO ORDERED.

_____
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE